## MICHAEL O'BRIEN vs. CORNELIUS FLYNN.

Norfolk.   January 19, 1893. — March 1, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Trespass to Land — Passageway — Action.*

At the time when a certain tract of land was divided into building lots, and a plan thereof was made and recorded, a strip of land was left open, as if for a passage, though it was not called so on the plan; and when the owner of the tract afterwards conveyed two of the lots adjoining the strip to A., no mention was made of the strip, but the land conveyed was described as "lots number five and six on a plan." B. also acquired a lot of the land adjoining the strip. *Held*, that A. could not maintain an action against B. for trespass, in using the strip for a passage, there being no obstruction to A.'s use of it as a passage.

TORT, for breaking and entering the plaintiff's close in Braintree.   Answer, a general denial.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on agreed facts, the material parts of which appear in the opinion.

*J. W. McAnarney*, for the plaintiff.

*W. G. A. Pattee*, for the defendant.

ALLEN, J.   In trespass, the plaintiff must recover on the strength of his own title or possession, and we are at a loss to see how the plaintiff has ever gained any exclusive right to the use of the strip of land adjoining his lot.   At the time when the whole of the Bartlett land was divided into building lots, and a plan thereof was made and recorded, a strip of land was left open adjoining the lots now owned by the plaintiff and the defendant, as if for a passage, though it was not called so on the plan; and when the owners conveyed the two lots which the plaintiff now owns, adjoining said strip, no mention whatever was made of the strip of land, but the land conveyed was merely described as "lots number five and six on a plan," etc.   Now if this gave a right to use the strip of land for a passage, it certainly gave no exclusive right so to use it; and the plaintiff has no right to complain of the defendant's use of the strip of land for a passage, there being no obstruction to the plaintiff's use of it as a passage.   Since the plaintiff

has no exclusive right in the strip of land, we do not have to consider the extent of the defendant's right as against the owner of the fee.                                        *Judgment affirmed.*